| | |
|---|---|
| 1 | Corinne Chandler – SBN 111423 |
| | E-mail: cchandler@kantorlaw.net |
| 2 | Mitchell O. Hefter – SBN 291985 |
| | E-mail: mhefter@kantorlaw.net |
| 3 | Glenn R. Kantor – SBN 122643 |
| | E-mail: gkantor@kantorlaw.net |
| 4 | KANTOR & KANTOR, LLP |
| | 19839 Nordhoff Street |
| 5 | Northridge, CA 91324 |
| | Telephone: (818) 886-2525 |
| 6 | Facsimile: (818) 350-6272 |
| 7 | Attorneys for Plaintiff, |
| | ADRIAN DELUNA |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN DELUNA, | CASE NO: |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |
| AETNA LIFE INSURANCE COMPANY; BANK OF AMERICA GROUP BENEFITS PROGRAM, | |
| Defendants. | |

Plaintiff, Adrian DeLuna, herein sets forth the allegations of his Complaint against Defendants Aetna Life Insurance Company ("Aetna") and Bank of America Group Benefits Program (the "Plan").

### PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering

benefits, enforcing Plaintiff's rights, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and postjudgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, an employee of Bank of America Corporation, and a resident of Los Angeles County, California.

3. Plaintiff is informed and believes that Defendant Aetna is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California. Plaintiff is informed and believes that the Plan was funded in whole or in part via the purchase of a group long-term disability ("LTD") insurance policy from Aetna identified by Group Control Number 0811383 (the "Policy"). Aetna is the insurer of all or some portion of benefits under the Plan, and acted in the capacity of claims administrator. Aetna is doing business in the Central District of California, in that it covers insureds working and residing in the Central District. Aetna administered the claim, interpreted Plan terms, and issued a claim denial, all while operating under a conflict of interest; and the bias this created adversely affected the claims determination.

4. Plaintiff is informed and believes that the Plan is an employee welfare benefit plan regulated by ERISA established by Bank of America Corporation, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to LTD benefits. Pursuant to the terms and conditions of the Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the Plan. The Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5. Plaintiff is informed and believes that the subject Policy was delivered in the State of California and has an effective date of January 1, 2009, and a year-end date of December 31 each year thereafter. Plaintiff is further informed and believes that the Plan and/or Policy were renewed on or after January 1, 2012.

6. Defendants can be found in this judicial district and the Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS AETNA LIFE INSURANCE COMPANY AND BANK OF AMERICA GROUP BENEFITS PROGRAM FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS (29 U.S.C. § 1132(a)(1)(B))**

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, Plaintiff was employed by Bank of America Corporation, and was a covered participant under the terms and conditions of the Plan.

9. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan. Specifically, on or about July 5, 2016, while Plaintiff was covered under the Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Plan.

10. Pursuant to the terms of the Plan, Plaintiff made a claim to Aetna disability benefits under the Plan. After approving Plaintiff's claim for short-term disability ("STD") benefits through the maximum duration of January 2, 2017, Aetna denied Plaintiff's claim for LTD benefits effective January 3, 2017. Plaintiff

timely appealed Aetna's decision, but despite overwhelming evidence of a covered LTD claim, by letter dated June 22, 2017, Aetna erroneously and wrongfully upheld its prior determination denying Plaintiff's claim for LTD benefits, thereby exhausting Plaintiff's administrative remedies.

11. Defendants Aetna and the Plan breached the Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Defendants had such knowledge, Aetna denied Plaintiff's LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the effective denial of Plaintiff's claims for LTD benefits;

(c) Failing to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

(d) Concealing and withholding from Plaintiff the notice requirements Defendants were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations § 2560.503-1(f)-(g), inclusive; and

(e) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

12. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied his disability benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future

litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

13. Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

14. As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

15. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

16. The wrongful conduct of Defendants has created uncertainty where none should exist; therefore Plaintiff is entitled to enforce his rights under the terms of the Plan and to clarify his right to future benefits under the terms of the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due to Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: February 20, 2018          KANTOR & KANTOR, LLP

                                        By:   */s/ Mitchell O. Hefter*
                                                 Mitchell O. Hefter
                                                 Attorneys for Plaintiff
                                                 ADRIAN DELUNA

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525